## ROY MANNON v. STATE.

No. A-8448.   Dec. 16, 1932.
(17 Pac. [2d] 522.)

John H. Scriba, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Wagoner county of the crime of manslaughter in the second degree in the killing of J. P. Fisher, by striking him with an automobile, and his punishment fixed by the court at imprisonment in the state penitentiary for a period of two years.

The record presents a question of fact.   The evidence of the state, supplemented by the physical facts of the case, is sufficient to sustain a conviction for manslaughter in the second degree.   The evidence of the defendant might have been sufficient to show an unavoidable accident, except for the conduct of defendant in denying his identity upon his discovery a few days after the accident, and his evasive actions prior to his arrest.   The jury saw the witnesses and heard them testify.   They believed the evidence of the state, and therefore found the defendant guilty.   This court will not weigh the evidence and de-

termine the issues adverse to the jury, where there is competent evidence in the record to support the verdict.

The case also presents a question of law in the rejection by the court of certain evidence offered by the defendant.

On cross-examination defendant's counsel attempted to show by C. E. Fisher, son of deceased and a state witness, that he had attempted to settle with defendant for civil liabilities arising out of the collision, and that it was not until defendant had refused to pay civil damages that Fisher filed the criminal charge against him. All of this evidence got before the jury, but was later stricken by the court on motion of the county attorney on the ground that it was incompetent, irrelevant, and immaterial. No act of Fisher's could bind the state, so far as the institution of this prosecution was concerned. Fisher could not compromise it or control it, but the evidence was probably admissible and the examination proper to show Fisher's motive and feeling towards defendant. But it was not reversible error to strike this evidence and instruct the jury not to consider it. Fisher did not see the accident and testified to nothing material, except the location on the highway of the car deceased had been riding in. There was no material difference between Fisher's testimony and that of defendant on that point. The ruling of the court limiting the scope of his cross-examination was of little consequence in this case. Defendant was convicted, not on Fisher's testimony, but upon the testimony of other witnesses and the physical facts, supplemented by defendant's impossible explanation of the cause of the accident.

Section 2822, C. O. S. 1921, prohibits this court from setting aside a judgment on the ground of misdirection of

the jury, or improper admission or rejection of evidence, or as to error in matters of pleading or procedure, unless in the opinion of the court it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of constitutional or statutory right.

Measured by the rule thus stated and the numerous decisions of this court construing the same, the error, if any, in rejecting the testimony complained of, does not authorize a reversal of the case.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.